UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WHITNEY JOHNSON,    )
             )
 Plaintiff,      )
             )
v.            )  Case No.: 1:20-cv-269
             )
BEALL'S, INC.,      )
             )
 Defendant.     )
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Whitney Johnson ("Plaintiff" or "Johnson"), through undersigned counsel, and files her Complaint against the Defendant, Beall's, Inc. ("Defendant" or "Beall's"), and in support states as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's discrimination, harassment, and retaliation, against Plaintiff. Defendant engaged in a pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systematically, on the basis of Plaintiff's sex and in retaliation for Plaintiff's complaints of severe and pervasive sexual

harassment, which created a hostile work environment for Plaintiff leading to her constructive discharge.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Gilchrist County, Florida.

5. Defendant is a Florida For-Profit Organization with its principal place of business at 1806 38th East Avenue East, Bradenton, Florida 34208.

6. Plaintiff worked for Defendant at its office located at 2202 N Young Blvd Ste 601, Chiefland, Florida 32626.

7. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On October 15, 2019, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On October 30, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights, against Defendant.

12. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female.

14. Plaintiff was employed by Defendant for approximately three years as a Sale Associate.

15. Defendant subjected Plaintiff to disparate and discriminatory conduct due to her sex.

16. As described below, Defendant subjected Plaintiff to severe and pervasive sexual harassment during her employment.

17. Defendant's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment as it resulted in Plaintiff's constructive discharge.

18. Defendant's conduct created a hostile working environment and the work environment became so intolerable Plaintiff felt compelled to resign

19. Plaintiff was a victim of continuous sexually harassment by her male colleague, Carlos Rodriguez.

20. In August of 2018, Rodriguez began making inappropriate and offensive remarks about Plaintiff's appearance, stating that she looked "sexier" since she lost weight.

21. The sexual harassment escalated, and Rodriguez began asking Plaintiff to go "out" to lunch and dinner with him.

22. Plaintiff's Store Manager, Leah Daniels and Supervisor, Amy (last name unknown) witnessed the sexual harassment and took no remedial action.

23. Rodriguez displayed a pattern of inappropriate behavior throughout his employment toward women of which management was aware.

24. Upon information and belief Plaintiff was not the only female Rodriguez sexually harassed and Defendant was on notice of Rodriguez's propensity to sexually harass female employees. However, due to Rodriguez's sex, male, Defendant took no remedial action.

25.   Plaintiff continually rebuffed Rodriguez's requests and told him to stop. When that did not work, Plaintiff simply ignored Rodriguez's comments, but he persisted.

26.   The sexual harassment escalated to overtly sexual conduct, such as, Rodriguez asking Plaintiff to go to a hotel with him and "cat-calling" Plaintiff at work when she walked by.

27.   Rodriguez's brother often came into Defendant's store and would approach Plaintiff. In response, Rodriguez would tell his brother "…don't touch her, she is mine…"

28.   Plaintiff continually told Rodriguez she had no interest in him.

29.   Rodriguez persisted and told Plaintiff "…I will throw away my wedding ring and we can run away to Puerto Rico together…"

30.   Rodriguez's continued sexual harassment caused a hostile and abusive work environment.

31.   In November 2018, Plaintiff made the first of her two complaints to Ms. Daniel, verbally, in Defendant's breakroom. Plaintiff complained that Rodriguez continued to ask her out on dates, commented inappropriately on Plaintiff's appearance, and invited her to hotel rooms. Plaintiff informed Ms. Daniels that at all times she refused Rodriguez's advances.

32. Ms. Daniel responded by laughing and stating, "…he is just joking, just ignore Carlos and he'll quit..."

33. Defendant knew of the harassment and failed to take immediate and appropriate corrective action.

34. In retaliation for her complaints of sexual harassment, Ms. Daniel reduced Plaintiff's work hours from full-time to below twenty hours a week, which relegated Plaintiff to a flex position.

35. Before Plaintiff's complaint, in the Spring of 2018, Plaintiff approached Ms. Daniel about becoming a Supervisor. Ms. Daniel had no objection and would even train Plaintiff from time to time on the various duties and assignments required to become a Supervisor.

36. However, after Plaintiff's November 2018 complaint, Ms. Daniel immediately stopped all training and told Plaintiff that she could not become a Supervisor because Plaintiff was not a full-time employee.

37. Plaintiff was not previously advised of any policy requiring an employee to be full-time before becoming a Supervisor.

38. Rodriguez's inappropriate sexual harassment continued after Plaintiff's November 2018 complaint when Rodriguez invited Plaintiff to a hotel room again. Plaintiff declined.

39. In February 2019, Plaintiff made the second of her two complaints, again to Ms. Daniel, verbally, in Defendant's stock room. Plaintiff complained that Rodriguez continued to sexually harassment Plaintiff and Plaintiff's female colleagues. Ms. Daniels responded, "…I don't know what you want me to do..."

40. As Defendant was not taking any action to address the sexual harassment, around April 2019, Plaintiff called Defendant's Ethics and Compliance Reporting Hotline and reported the sexual harassment.

41. Only after contacting the Ethics and Compliance Reporting hotline did Defendant reach out to Plaintiff.

42. Defendant concluded its investigation; however, it did not interview or ask Plaintiff questions, and provided Plaintiff no information regarding her complaints. Defendant then closed its investigation.

43. Defendant took no remedial action and did not terminate Rodriguez, but instead, ratified his unlawful behavior by continually allowing Rodriguez to break company policies without repercussions.

44. In May 2019, Ms. Daniel promoted two, non-full-time, Sales Associates to Supervisors. An opportunity that was previously denied to Plaintiff.

45. Further, Ms. Daniel began to scream and verbally harass Plaintiff in front of other employees and customers.

46. It is evident that Defendant's retaliation and fostering of a hostile work environment toward Plaintiff occurred only after Plaintiff engaged in the protected activity by her repeated reports of sexual harassment.

47. Plaintiff diligently followed Defendant's reporting and escalation procedures to address the sexual harassment and Defendant's unlawful actions. However, little progress was made, and the work environment remained unchanged.

48. Due to Defendant's inaction and the intolerable hostile work environment, Plaintiff was forced to tender her resignation as resignation was the only reasonable response available to her.

49. Plaintiff has been damaged by Defendant's unlawful conduct.

50. Due to Defendant's inaction, the disparate and hostile treatment, and the discriminatory work environment, Plaintiff has suffered emotional harm.

51. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Sex Based Discrimination in Violation of Title VII

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

53. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's sex, female.

54. Defendant engaged in intentional sex discrimination in the terms and conditions of Plaintiff's employment including by not limited to Plaintiff's constructive discharge.

55. Defendant's conduct violates Title VII.

56. The Plaintiff has satisfied all statutory prerequisites for filing this action.

57. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count II: Sexual Harassment and Hostile Work Environment in Violation of Title VII**

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

61. Defendant subject Plaintiff to severe and pervasive sexual harassment.

62. Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

63. Defendant's conduct created and perpetuated a hostile work environment for Plaintiff.

64. Defendant's conduct violates Title VII.

65. The Plaintiff has satisfied all statutory prerequisites for filing this action.

66. Defendant's violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

67. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

68. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Retaliation in Violation of Title VII

69. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

70. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

71. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity, specifically her repeated reports regarding the discrimination and hostile work environment she was experiencing.

72. Defendant's conduct violated Title VII.

73. Plaintiff has satisfied all statutory prerequisites for filing this action.

74. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

75. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

76. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count IV: Constructive Discharge

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

78. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

79. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

80. Defendant's deliberate actions forced Plaintiff to resign her position.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)   Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)   Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c)   Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Florida Bar No. 117917
**Spielberger Law Group**
4890 W. Kennedy Blvd. Ste. 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 116
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*